Filed 5/5/23 P. v. Fox CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C096615 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR48952) |
| v. | |
| MATTHEW ROBERT FOX, | |
| Defendant and Appellant. | |

In 1999, a jury found defendant Matthew Robert Fox guilty of first degree murder and found true that defendant committed the murder, that the murder was intentional, and that the murder involved the infliction of torture. (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(18); statutory section citations that follow are found in the Penal Code unless otherwise stated.) In July 2021, defendant petitioned for resentencing under section 1172.6.

1

We note that effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95, but we will cite to the current section number throughout this opinion.

The trial court denied the petition in July 2022, finding him ineligible for relief because the jury had found he was the actual killer.

On appeal, defendant challenges the trial court's order, arguing the record fails to conclusively establish he was convicted under a now-valid theory because the jury was instructed on felony murder and aiding and abetting liability. We affirm the trial court's order.

## FACTS AND HISTORY OF THE PROCEEDINGS

Given the nature of this appeal, a detailed recitation of the facts underlying defendant's convictions is unnecessary. It is enough to say that defendant believed the victim had stolen jewelry and cash from defendant and a female friend. The next day, defendant and a male friend brought the victim to a trailer. The victim was later found dead. He had numerous injuries (including burns), showed signs of strangulation, and had a fatal dose of methamphetamine in his system. (*People v. Fox* (Apr. 20, 2000, C032729) [nonpub. opn.].)

A jury found defendant guilty of first degree murder (§§ 187, 189), torture (§ 206), false imprisonment (§ 236) (a lesser included offense of kidnapping pursuant to section 207), and possession of a firearm by a convicted felon (§ 12021, subd. (a)(1)). The jury also found that the murder was intentional and involved infliction of torture. (§ 190.2, subd. (a)(18).) Specifically, the verdict form regarding murder by torture read: "We, the jury find that the murder of [the victim] was committed by [defendant], and that the murder was intentional and involved the infliction of torture within the meaning of [section 190.2, subdivision (a)(18)], to be" true. In addition, the jury found false (1)

2

multiple allegations that defendant had personally used a deadly weapon (§ 12022, subd. (b)(1)) and (2) an allegation that defendant committed the murder while engaged in kidnapping (§ 190.2, subd. (a)(17)).

The trial court sentenced defendant to life in prison without the possibility of parole, and we affirmed the judgment on appeal. (*People v. Fox, supra*, C032729.)

During trial, the jury was instructed regarding murder with CALJIC No. 8.10, as follows: "Every person who unlawfully kills a human being with malice aforethought or during the commission or attempted commission of kidnapping is guilty of the crime of murder . . . . [¶] In order to prove such crime, each of the following elements must be proved: [¶] 1. A human being was killed. [¶] 2. The killing was unlawful, and [¶] 3. The killing was done with malice aforethought or occurred during the commission or attempted commission of kidnapping." The jury was instructed regarding malice with CALJIC No. 8.11, as follows: " 'Malice' may be either express or implied. [¶] Malice is express when there is manifested an intention unlawfully to kill a human being. [¶] Malice is implied when: [¶] 1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life."

The jury was instructed that first degree murder only included: (1) "murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought" (CALJIC No. 8.20); (2) "[t]he unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs [during the commission or attempted commission of the crime] [as a direct causal result] of Kidnapping (felony) . . . when the perpetrator had the specific intent to commit such crime" (CALJIC No. 8.21); and (3) "murder which is perpetrated by torture" (CALJIC No. 8.24).

The jury was further instructed that the "essential elements of murder by torture are: [¶] 1. One person murdered another person, and [¶] 2. The perpetrator committed

3

the murder with a willful, deliberate, and premeditated intent to inflict extreme and prolonged pain upon a living human being for the purpose of revenge, persuasion or for any sadistic purpose[, and] [¶] 3. The acts or actions taken by the perpetrator to inflict extreme and prolonged pain were [a] cause of the victim's death." (CALJIC No. 8.24.)

In addition, the jury was instructed that second degree murder was "the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation." (CALJIC No. 8.30.) The jury was instructed that, if it found defendant guilty of murder, it had to determine whether it was murder of the first or second degree. (CALJIC No. 8.70.)

With respect to the torture-murder special-circumstance finding, the jury was instructed that each of the following facts had to be proved: "1. [The] defendant intended to kill, or with intent to kill, aided and abetted in the killing of a human being; [¶] 2. [The] defendant intended to inflict extreme cruel physical pain and suffering upon a living human being for the purpose of revenge, persuasion or for any sadistic purpose[, and] [¶] Awareness of pain by the deceased is not a necessary element of torture." (CALJIC No. 8.81.18.) The jury was also instructed regarding aiding and abetting pursuant to CALJIC No. 3.01.

In July 2021, defendant filed a petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). He argued that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or a natural and probable consequences theory; that he was convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and that he could not now be convicted of murder based on the recent changes to sections 188 and 189.

The People opposed defendant's motion, arguing he was ineligible for relief because he was convicted of deliberate and premeditated first degree murder, and because the evidence established he was the actual killer.

Defendant responded that he had been charged with first degree felony murder and was then convicted of first degree murder. Defendant noted that the jury had been instructed regarding felony murder pursuant to CALJIC Nos. 8.10 and 8.21, as well as various instructions regarding aiding and abetting and accomplice liability. Defendant further noted that he had been convicted before our Supreme Court issued *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, which clarified the factors that must be considered in determining whether a defendant (1) was a major participant in the underlying felony (*Banks*, at pp. 797-804) and (2) acted with reckless indifference to human life (*Clark*, at pp. 611-623).

The People responded that defendant was ineligible for relief because he was convicted of intentional first degree murder that involved the infliction of torture. The People further argued that the aiding and abetting instructions were used to evaluate the credibility of an accomplice who testified against defendant during trial.

During the July 2022 hearing, the trial court denied defendant's petition. The court reasoned that the jury had found defendant guilty of first degree murder and torture, indicating that it found defendant was the actual killer.

## DISCUSSION

### I

### *Legal Background*

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying

5

felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1172.6, which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not

6

engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

### 1. Analysis

Defendant argues the trial court erred in denying his petition because the jury was instructed on both first degree felony murder and premeditated and deliberated first degree murder, and the guilty verdict does not establish which theory the jury relied on. Noting that the jury was instructed on aiding and abetting, defendant argues the jury could have convicted him of first degree murder "as an aider and abettor to the felony." According to defendant, the jury's decision to find defendant guilty of the lesser included offense of false imprisonment, rather than kidnapping, does not necessarily establish that the jury did not convict defendant of first degree felony murder based on his aiding and abetting the kidnapping. Defendant further argues that the jury must have found defendant was not the actual killer, given its false findings on the multiple allegations that defendant had personally used a deadly weapon. (§ 12022, subd. (b)(1).) There is no merit in defendant's arguments.

To be eligible for relief, a petitioner must have been convicted of murder or attempted murder under a felony murder or natural and probable consequences theory, or other theory of imputed malice. (§ 1172.6, subd. (a).)

However, the record of conviction reflects defendant was not convicted under such theories. Although defendant's jury was instructed on the felony-murder doctrine, the instruction made clear that the jury could only find defendant guilty of first degree murder under such a theory based on kidnapping. The instruction further specified that the jury had to find beyond a reasonable doubt that defendant had the specific intent to commit or attempt to commit kidnapping. In finding defendant guilty of the lesser included offense of false imprisonment (§ 236) rather than kidnapping (§ 207), the jury necessarily did not find defendant guilty of first degree murder under a felony-murder theory. This conclusion is bolstered by the fact that the jury found that defendant

7

committed the murder while engaged in kidnapping or attempted kidnapping was not true. (§ 190.2, subd. (a)(17).)

As such, the jury could only have found defendant guilty of first degree murder under a theory of premeditated killing with express malice (CALJIC No. 8.20) or murder perpetrated by torture (CALJIC No. 8.24). If the jury found defendant guilty under the first theory, it necessarily found that he acted with intent to kill because it was instructed pursuant to CALJIC No. 8.11 that express malice is "when there is manifested an intention unlawfully to kill a human being."

With respect to the torture by murder theory (which, given the jury's other findings regarding section 206 and section 190.2, subdivision (a)(18), is the more likely theory), the torture-murder special circumstance required the jury to find that defendant "intended to kill, or with intent to kill, aided and abetted in the killing of a human being." (CALJIC No. 8.81.18.) And, in reaching its true finding regarding the torture-murder special circumstance, the jury stated that it found true that the victim's murder "was committed by [defendant], and that the murder was intentional and involved the infliction of torture within the meaning of [section 190.2, subdivision (a)(18)]." Given these instructions and stated findings, the jury necessarily found that defendant was the actual killer, and that he acted with the intent to kill. (See § 190.2, subd. (a)(18) ["The murder was intentional and involved the infliction of torture"]; *People v. Davenport* (1985) 41 Cal.3d 247, 271 [torture-murder special circumstance requires proof that defendant acted with the intent to kill], superseded by statute on another ground as stated in *People v. Crittenden* (1994) 9 Cal.4th 83, 140 and fn. 14.) Because the record establishes that defendant was not convicted pursuant to any imputed malice theory, we find no error in the trial court's denial of defendant's petition.

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
RENNER, J.

9